Taylor, Chief-Justice.
 

 I think it is to be collected clearly from the language of the will, and the authorities applicable to the subject, that the £100 legacy is not
 
 *246
 
 payable until the death of the testator’s widow. After ^erit^nS b®r the plantation, the testator gives the same land after her decease, to the child his wife is then preg-with, if a son; but if a daughter, he then gives them to his son
 
 Hillery
 
 in fee, upon his paying to the daughter the legacy. Upon the birth of the daughter, the remainder, which was before contingent, vested in Hillery ; and at the same time the legacy vested in the daughter. But the period at which it is payable is prescribed and pointed out by the same expressions which give the remainder to
 
 Hillery,
 
 viz,
 
 “
 
 after his wife’s decease.” In the face of so plain a declaration of the testator, I do not feel at liberty to conjecture that the legacy is payable before
 
 Hillery
 
 comes in
 
 to
 
 the possession of the land. Although this legacy is chargeable upon land, and the general rule in such case is, that if the legatee die before the time of payment it shall lapse, yet I think this case comes within the exceptions to that rule. For it was as much the intent of the testator that the daughter should have the legacy, as that the son should have the land, to whom it is given on condition of paying the 100Í. As this is not payable before the death of the widow, the postponement is made for the convenience of the estate and family, according to the cases cited in Mr. Coxe’s note to the case in 2
 
 Pr.
 
 Williams, 613.
 

 Hall and Henderson, Judges, declined saying whether the legacy was vested in Elizabeth and transmissible to her representatives, or would lapse by her death before the day of payment, as-the point was not now before them. For the other reasons given by the
 
 Chief-Justice,
 
 they concurred with him in opinion, that it was not payable during the life of the widow.
 

 Judgment reversed.